## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

DERICK ORTIZ, individually and on behalf of
all others similarly situated,

                             Plaintiff,

     v.

SIG SAUER, INC.,

                             Defendant.

CASE NO. 1:19-cv-01025-JL

## DISCOVERY PLAN
## Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE**:  The parties conferred by telephone conference on April 16, 2020 and also conferred via electronic mail on multiple occasions.

      Pursuant to the Court's "Notice of Cancellation" docket entry on April 10, 2020, Defendant requests a conference with the Court regarding the parties' differing expert disclosure schedules set forth below.

**COUNSEL PRESENT/REPRESENTING**:  Joshua Arisohn participated in the April 16 telephone conference on behalf of Plaintiff.  Keith Gibson and Ben Folsom participated in the April 16 telephone conference on behalf of Defendant.

## CASE SUMMARY

**THEORY OF LIABILITY:**  Plaintiff Derick Ortiz ("Plaintiff") alleges that Defendant SIG Sauer, Inc. ("Defendant" or "SIG") sold him and other members of the putative class P320 pistols with a drop fire design defect despite the fact that the pistols were advertised as "drop safe."  As a result, Plaintiff has been deprived the benefit of his bargain.

**THEORY OF DEFENSE:** SIG incorporates herein the arguments raised in its Rule 12(b)(6) motion to dismiss and in its Answer and Affirmative Defenses. SIG denies that is has any liability to Plaintiff.

**DAMAGES:** Plaintiff seeks damages in the amount of the price premium that he and other members of the putative class paid for a pistol that was supposed to be "drop safe." In addition, Plaintiff seeks to recoup any difference in resale value between a P320 pistol as advertised and the defective P320 pistols that were actually sold. Plaintiff also seeks damages for the period of time during which he and members of the putative class were unable to use the P320 pistol that they paid for. SIG denies that Plaintiff is entitled to any damages and asserts that, even were his allegation of a defect in the P320 pistol true, he has suffered no cognizable injury.

**DEMAND:** 3/1/2021

**OFFER:** 3/8/2021

**JURISDICTIONAL QUESTIONS**: None identified at present.

**QUESTIONS OF LAW**: Defendant incorporates the questions of law raised in its Rule 12(b)(6) motion to dismiss, on which the Court ruled on March 23, 2020. The parties reserve the right to raise additional questions of law at the appropriate times in the litigation.

**TYPE OF TRIAL:** jury

**SCHEDULE**

**TRACK ASSIGNMENT:** STANDARD

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**: 9/30/2020

**AMENDMENT OF PLEADINGS**:

Plaintiff: 10/30/2020        Defendant: 11/20/2020

**JOINDER OF ADDITIONAL PARTIES**:

Plaintiff: 10/30/2020        Defendant: 11/20/2020

**THIRD-PARTY ACTIONS**: 11/20/2020

**COMPLETION OF FACT DISCOVERY:** 4/30/2021

**MOTION FOR CLASS CERTIFICATION:** 4/30/2021

**DISCLOSURE OF EXPERTS AND EXPERTS' REPORTS:**

Plaintiff's Proposal:

Parties to simultaneously exchange initial expert reports and disclosures by 4/30/2021.

Parties to simultaneously exchange rebuttal expert reports by 5/30/2021.

Supplements under Rule 26(e) shall be made by 6/30/2021

Plaintiff's Position: "[T]he default provision under the applicable federal civil rule provides for an initial simultaneous exchange of expert reports unless otherwise stipulated or ordered. *Aszmus v. McInnis*, 2014 WL 12631868, at *1 (D. Alaska Dec. 8, 2014) (adding that "the expeditious sharing of expert opinions could facilitate an earlier resolution of this litigation"). Defendant complains that simultaneous disclosures would prevent it from responding to Plaintiff's positions, but there is already a mechanism for such responses built into the schedule: rebuttal expert reports. Fed. R. Civ. P. 26(a)(2)(D)(ii) (separately setting schedule for expert evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party"). Accordingly, to the extent that Defendant's experts intend to respond to Plaintiff's, those responses are properly deemed rebuttal opinions, not case-in-chief opinions. In addition, the Complaint states plainly Plaintiff's theory of liability regarding the drop fire defect. It is unclear why Defendant would need to see Plaintiff's expert report on that well-documented defect before providing its own case-in-chief report.

Permitting Defendant to disclose its expert reports after Plaintiff, despite also having the ability to submit rebuttal reports, would also be fundamentally unfair and prejudicial to Plaintiff

because it would give Defendant two opportunities to respond to Plaintiff's experts while Plaintiff would have only one chance to respond to Defendant's experts. It would also result in Defendant having more time to conduct expert discovery than Plaintiff.

Defendant's Proposal:

>Plaintiff's expert reports and disclosures by: 1/15/2021
>
>Defendant's expert reports and disclosures by: 3/15/2021
>
>Plaintiff's rebuttal expert reports by: 4/15/2021
>
>Supplements under Rule 26(e) due: 4/30/2021

Defendant's Position: It is Defendant's position that expert reports should be staggered, which in counsel's experience is standard practice in this District and in product liability actions generally. Simultaneous exchanges of expert reports are not workable in this case. Plaintiff has the burden of proving defect, causation and damages. Defendant cannot respond to Plaintiff's position on these issues – particularly the issue of alleged injury/damages – until Plaintiff makes his position clear. *See*, Advisory Committee Notes for 1993 amendments to Federal Rule of Civil Procedure 26(a)(2) ("[I]n most cases the party with burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue…."); *Furrie v. Delphi Auto. Sys.*, No. 4:02 CV 0215, 2003 WL 25676460, at *1 n.2 (N.D. Ohio May 8, 2003) (stating that such a staggered approach is "the preferred one," citing to the Advisory Committee Notes); *Town of Goodland v. Kessler Tank Co., Inc.*, No. 4:13-cv-82, 2016 WL 3438500, at *3-4 (N.D. Ind. June 23, 2016) (plaintiff should supply expert report first for causation). For example, as discussed in Defendant's previously filed motion to dismiss, it is Defendant's position that Plaintiff has not been injured and, as a result, does not have standing to pursue any of his claims. Without first being provided with

Plaintiff's damages theory and model, Defendant would be required to speculate on Plaintiff's purported theory of damages or, in the alternative, prove a negative. Other aspects of Plaintiff's claims will also likely require expert testimony – such as his consumer fraud claim – and Defendant cannot be left to guess as to how Plaintiff intends to prove his case. There is no justification for departing from the standard practice of providing staggered expert disclosures. To the extent the Court were to require simultaneous expert disclosures as requested by Plaintiff, the deadlines for filing rebuttal expert reports, summary judgment motions, challenges to expert testimony and opposition to class certification must be pushed back to allow time between the completion of expert discovery and those filing deadlines.

**COMPLETION OF EXPERT DISCOVERY**: 6/30/2021

**MOTIONS FOR SUMMARY JUDGMENT:** 6/30/2021

**CHALLENGES TO EXPERT TESTIMONY:** 6/30/2021

**OPPOSITION TO MOTION FOR CLASS CERTIFICATION**: 6/30/2021

**REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**: 7/21/2021

**TRIAL DATE:** 11/2/2021

<u>**DISCOVERY**</u>

**DISCOVERY NEEDED:** Among other items, Plaintiff will need discovery on the design defect at issue and nationwide sales figures for the P320 pistol during the class period. Among other items, SIG will need discovery from Plaintiff regarding the materials, if any, from SIG that Plaintiff saw or reviewed prior to purchasing his P320 pistol, the purchase of his P320 pistol, his decision not to participate in the SIG's Voluntary Upgrade Program, and claimed damages.

**MANDATORY INITIAL DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**: 5/1/2020

**INTERROGATORIES:** Each party will be permitted a maximum of 25 interrogatories. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** Each party will be permitted a maximum of 25 requests for admission.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** Plaintiff and defendant will each be permitted to take 10 depositions.  Each deposition will be limited to a maximum of 7 hours unless extended by agreement of the parties or ordered by the Court.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**  The parties agree to discuss in good faith a protocol for the production of ESI.  Otherwise, the parties are not aware of any specific issues pertaining to electronic discovery at this time.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**  The parties agree to address this topic in connection with the filing of a protective order addressing confidentiality of documents.


## OTHER ITEMS

 **SETTLEMENT POSSIBILITIES:**  Plaintiff welcomes the opportunity to explore resolution of this matter.  In order to analyze the strengths and weaknesses of the claims and defenses, and to begin formulating an educated settlement demand, he would require an informal exchange of information relating to several topics and issues concerning his claims.  Defendant's view is that resolution cannot be evaluated prior to some discovery having been completed.

**JOINT STATEMENT RE: MEDIATION:** By 3/15/2021, the parties will notify the court whether mediation will occur and, if so, when.

**TRIAL ESTIMATE:** 14 days.

**WITNESSES AND EXHIBITS:**  Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.  Objections

are due 14 days after service of final pretrial statements. These dates will be set by the clerk's notice of trial assignment.

**PRELIMINARY PRETRIAL CONFERENCE:** Pursuant to the Court's "Notice of Cancellation" docket entry on April 10, 2020, Defendant requests a conference with the Court regarding the parties' differing expert disclosure schedules set forth above.

Dated: May 1, 2020

**DOUGLAS, LEONARD & GARVEY, P.C.**

By:    */s/ Benjamin T. King*
       Benjamin T. King

NH Bar #12888
Charles G. Douglas, III
NH Bar #669
14 South Street, Suite 5
Concord, NH 03301
Telephone: (603) 224-1988
E-Mail: benjamin@nhlawoffice.com
      chuck@nhlawoffice.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (admitted *pro hac vice*)
NY State Bar No. 4238317
Joshua D. Arisohn (admitted *pro hac vice*)
NY State Bar No. 4495198
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
      jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (admitted *pro hac vice*)
CA State Bar No. 322946
NY State Bar No. 5026208
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ndeckant@bursor.com

*Counsel for Plaintiff*

Dated: May 1, 2020

**McLANE MIDDLETON, PROFESSIONAL ASSOCIATION**

By:     *_/s/ Benjamin B. Folsom_____*
           Benjamin B. Folsom

Michael J. Quinn, N.H. Bar No. 5584
Benjamin B. Folsom, N.H. Bar No. 268352
900 Elm Street, P.O. Box 326
Manchester, NH 03105-0326
Telephone (603) 625-6464
mike.quinn@mclane.com
benjamin.folsom@mclane.com

**LITTLETON PARK JOYCE UGHETTA & KELLY LLP**
Robert L. Joyce (admitted *pro hac vice*)
B. Keith Gibson (admitted *pro hac vice*)
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Telephone (914) 417-3400
Robert.Joyce@littletonpark.com
Keith.Gibson@littletonpark.com

*Counsel for Defendant*